UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC AND YOUTUBE LLC,<br><br>          Plaintiff(s),<br><br>     v.<br><br>IPVALUE MANAGEMENT INC,<br><br>          Defendant(s). | No. C11-80016 MISC RS (BZ)<br><br>**ORDER GRANTING<br>MOTION TO COMPEL** |

Before me is plaintiffs' motion to compel IP Value to provide responses to plaintiffs' November 4, 2010 subpoena. Docket No. 5. At the March 30, 2011 hearing on this matter, the parties resolved many of the outstanding issues regarding plaintiffs' motion. The only issue that currently requires my ruling is whether IP Value shall be required to search for and produce responsive documents from its in-house counsel (Steve Shin, Sanjay Prasad, Keith Wilson, and Mitch Rosenfield), and, if so, whether some of the costs associated with this production shall be shifted to the plaintiffs. Having considered the arguments presented by counsel and reviewed the papers submitted, **IT IS HEREBY ORDERED** that plaintiffs' motion

1

is **GRANTED** for the reasons explained below.

    It is IP Value's burden to establish that the attorney-client privilege would apply to its in-house counsel's documents. See von Bulow by Auersperg v. von Bulow, 811 F.2d 136, 144 (2d Cir. 1987) ("[t]he burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship"). If IP Value's in-house counsel were functioning in a capacity to further the business goals of IP Value, then their documents would not be privileged. But if counsel were providing legal advice to IP Value, then their documents may potentially be privileged. See Diagnostic Systems Corp. v. Symantec, CV06-1211 at *8-9 (C.D. Cal. 2008);[1] In re Sealed Case, 737 F.2d 94, 99 (D.C. Cir. 1984) (a company can only shelter its in-house counsel's advice upon a clear showing that he gave it in a professional legal capacity and not while performing his non-legal functions as the company's vice president).

    Here, IP Value has submitted declarations from its in-house counsel explaining IP Value's business model and counsel's job duties. Contrary to the conclusory statements in these declarations that counsel only wear a "legal" hat while performing their work, the declarations show that counsel do function in a capacity to further the business goals of IP Value. For instance, Wilson's declaration explains that IP Value's business consists of two major

---

[1] This case was submitted by plaintiffs as appendix A to their reply.

components: "(1) the identification of patent commercialization opportunities, and (2) the conduct of licensing or sales that comprise that commercialization." Wilson Decl. at ¶ 4. Wilson then testifies that Prasad, Rosenfield, and Shin may have participated in negotiations with plaintiffs led by IP Value's licensing group. Id. at ¶ 10. Thus, IP Value's in-house counsel were involved in licensing negotiations, one of the main functions of IP Value's business. IP Value concedes that it believes that about 10% of the disputed documents are not privileged and other than cost, presents no reason for not disclosing them.

Wilson's testimony that counsel mainly provided advice to IP Value regarding patent infringement theories and defenses to patent assertions also shows that counsel worked in the capacity of furthering IP Value's business goals. IP Value's decision to use attorneys for this function does not result in all communications relating to the counsel's work becoming privileged. See U.S. v. Cohn, 303 F.Supp.2d 672, 684 (D. Md. 2003)(holding that a telemarketing company's in-house counsel's communications regarding her review of telemarketing scripts were not privileged because counsel's advice, although partly legal, was mainly intended to help the company increase profits and therefore constitutes business advice). Like Cohn, the primary purpose behind IP Value's in-house counsel's advice was to increase IP Value's business.[2] For the

---

[2] Another reason that Cohn held that in-house counsel's advice was not privileged was because the advice was "customarily reviewed by both legal and non-legal personnel, thereby undermining any claim to confidentiality necessary to a

3

1  foregoing reasons, IP Value has not met its burden of
2  establishing that the attorney-client privilege would apply to
3  the documents at issue.  IP Value shall therefore search for
4  and produce any responsive documents requested by plaintiffs
5  from Shin, Prasad, Wilson, and Rosenfield.
6      IP Value's request to shift some of the costs associated
7  with this production onto plaintiffs is denied.  IP Value has
8  chosen to enter a business in which it commercializes patents
9  for other companies.  Its role as Xerox's agent in the
10 instigation of this suit distinguishes it from a true non-
11 party, as to whom the Court might be more concerned about
12 saddling it with costly discovery.  IP Value should have been
13 aware that its efforts to enforce others' patents might lead
14 to litigation that would require it to search for and produce
15 documents through the discovery process.  It could have
16 developed a better system for filing privileged documents.
17 See e.g. The Sedona Conference Working Group, The Sedona
18 Principles: Best Practices Recommendations & Principles for
19 Addressing Electronic Document Production, Comment 5.b
20 (Jonathan M. Redgrave et al. eds., 2d ed. 2007).  Or it could
21 have passed these costs on to its clients.  Having done
22 ///
23 ///
24 ///

---

claim of attorney-client privilege." 303 F.Supp.2d at 684-85. Although neither of the parties addressed this issue in their papers or at the hearing, it appears likely from IP Value's declarations that in-house counsel's advice was not kept confidential and was used by non-management personnel in running the day-to-day aspects of IP Value's business.

4

1  neither, it cannot thwart proper discovery.

2  Dated: April 28, 2011

3  
                                    _____
4                                   Bernard Zimmerman
                                    United States Magistrate Judge
5  
   G:\BZALL\-REFS\GOOGLE V. IP VALUE\ORDER RE MOTION TO COMPEL (AFTER
6  HEARING).wpd

5